FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 16 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GERMAINE GARCIA,

        Plaintiff,

v.

THE CITY OF NEW YORK; ATTORNEY AT
LAW DAVID SEAMEN,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12 CV 5428 (MKB)

MARGO K. BRODIE, United States District Judge:

On October 25, 2012, plaintiff Germaine Garcia, currently incarcerated at Rikers Island Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. The instant complaint is an exact duplicate of Plaintiff's pending § 1983 complaint. *See Garcia v. City of New York*, No. 12-CV-4655 (MKB). Accordingly, no useful purpose would be served by the litigation of this duplicative complaint.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 301 (S.D.N.Y. 2011) ("The power to dismiss duplicative suits is meant to foster judicial economy and the 'comprehensive disposition of litigation' as well as to protect parties from the vexation of concurrent litigation over the same subject." (citing *Curtis*, 226 F.3d at 138)). "An action is duplicative 'if the claims, parties, and available relief do not significantly differ between the two actions.'" *Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d 510, 525 (S.D.N.Y. 2011) (quoting *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 89 (2d Cir. 2000)). There is no difference between the two actions. Therefore, the instant complaint is

dismissed without prejudice to the litigation pending in *Garcia v. City of New York.*, No. 12-CV-4655 (MKB).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED.

/S/ Judge Margo K. Brodie
MARGO K. BRODIE
United States District Judge

Dated: November 16, 2012
      Brooklyn, New York