```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

GERMAINE GARCIA,

                Plaintiff,

v.

THE CITY OF NEW YORK; ATTORNEY AT
LAW DAVID SEAMEN,

                Defendants.

-----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-5428 (MKB)

MARGO K. BRODIE, United States District Judge:

On October 24, 2012, Plaintiff filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. On November 16, 2012, the Court issued a Memorandum & Order, dismissing Defendant's Complaint because it was "an exact duplicate" of another Complaint before the Court. (Docket Entry No. 5.) On January 1, 2013, Plaintiff filed a request for an extension of time to appeal the Court's decision. (Docket Entry No. 10.)

Rule 4(a)(1) of the Federal Rules of Appellate Procedure states that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "District courts, not the courts of appeals, have the authority to extend the time for filing a notice of appeal, if certain statutory conditions are met." *Millhouse v. N.Y. Dep't of Corr. Sers.*, 439 F. App'x 41, 42 (2d Cir. 2011) *cert. denied*, 132 S. Ct. 1782 (2012) (citing 28 U.S.C. § 2107(c) and Fed. R. App. P. 4(a)(5)–(6)). Under Rule 4(a)(6), a district court may:

> reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Thus, "in order to qualify for relief under Rule 4(a)(6), the moving party 'must establish: (1) that he was entitled to notice of the entry of the judgment; (2) that he did not receive such notice from the clerk or any party within 21 days of its entry; (3) that no party would be prejudiced by the extension; and (4) that he moved [to reopen the time to file an appeal] within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier.'" *Cordon v. Greiner*, 274 F. Supp. 2d 434, 440 (S.D.N.Y. 2003) (alteration in original) (quoting *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994)); *see also Millhouse*, 439 F. App'x at 42 (noting Rule 4(a)(6)'s requirements). The purpose of Rule 4(a)(6) is to "provide[] a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." *Avolio*, 29 F.3d at 52.

Under a liberal reading of Plaintiff's papers, the Court construes it as a motion to reopen the time to file an appeal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)). While the Court doubts the merit of the appeal, Plaintiff meets the four part test. Plaintiff was entitled to notice of the judgment and did not receive notice of the judgment promptly. According to the docket, the Court's Memorandum and Order was returned several times as

2

improperly addressed and it was not successfully mailed until December 27, 2012. In addition, no party would be prejudiced from the extension. Moreover, Plaintiff moved to reopen his time to appeal within 180 days of the entry of the judgment. *See, e.g., Truong v. Charles Schwab & Co.*, No. 07-CV-8085, 2009 WL 464452, at *2 (S.D.N.Y. Feb. 24, 2009) (finding that the plaintiff met all four elements); *Cordon*, 274 F. Supp. 2d at 440 (same); *see also Avolio*, 29 F.3d at 53 (discussing elements).

Plaintiff's request to reopen the time for appeal is granted. Pursuant to Rule 4(6)(a), Plaintiff shall have 14 days from the date of this order to file his appeal. The Court does note, however, that its decision in this case was simply to dismiss Plaintiff's case as it was an exact duplicate of another Complaint filed under docket number 12-CV-4655. Since Plaintiff filed his application seeking to appeal the Court's decision in this case, the Court has rendered a decision on the merits in Plaintiff's other case. Plaintiff may be better served by seeking to appeal the Court's ruling in the case filed under docket number 12-CV-4655, where the Court rendered a decision on the merits.

SO ORDERED:

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: January 18, 2013
 Brooklyn, New York